**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. A. No. 1312016423 |
| | ) | |
| ROBERT SWIFT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 30, 2014
Decided: November 5, 2014

Chris Marques, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Louis B. Ferrara, Esquire
Ferrara & Haley
1716 Wawaset Street
Wilmington, DE 19806
*Attorney for Defendant*

**ORDER ON DEFENDANT'S MOTION REGARDING**
**DISCOVERY OF POLICE OFFICER'S FIELD NOTES**

**COMES NOW this 5th day of November 2014, the Court finds as follows:**

1) On December 27, 2013, Defendant Robert Swift ("Defendant") was arrested and charged with Driving Under the Influence of Alcohol, in violation of 21 *Del. C.* § 4177.

2) On May 20, 2014, the Court held a suppression hearing that continued and concluded on May 22, 2014. The Court found that Cpl. Pixley, the arresting officer, had probable cause to arrest Defendant. Following the Court's decision on the Motion to Suppress, Defendant moved to exclude evidence of the field sobriety tests for the State's failure to produce Cpl. Pixley's field notes, which included a description of Defendant's

performance on the field tests. Defendant made its motion at the end of the hearing because it learned of the field notes for the first time during Cpl. Pixley's cross examination. The Court reserved its decision regarding Cpl. Pixley's field notes, and indicated that it would hear Defendant's argument regarding the field notes, but that it would not invalidate the decision finding probable cause.

3) Cpl. Pixley's relevant testimony is as follows: in the matter at hand, Cpl. Pixley took field notes, which described the events that occurred on the night Defendant was arrested, including Defendant's performance on the field sobriety tests. When Cpl. Pixley conducts field sobriety tests, he writes the results of the tests down in his notebook, transposes them into his report, and destroys them. Usually, Cpl. Pixley keeps his field notes for about a year. He acknowledged that it was possible that he still had his field notes for the current matter, however he was "not one hundred percent" as to whether his notes still existed. Cpl. Pixley did not know that Defendant asked the State to produce any notes that Cpl. Pixley recorded. Cpl. Pixley did not search any of his records to see whether his field notes existed.

4) Defendant submitted memorandum on the Motion, and argued that the State failed to comply with its duty to provide discovery by failing to produce Cpl. Pixley's field notes. Defendant argues that the State failed to offer any explanation as to why it did not seek or produce Cpl. Pixley's field notes. Defendant acknowledges that the prejudice suffered by Defendant by not having the field notes is unknown, however Defendant argues that until the State produces these field notes, Defendant is presumed to be prejudiced. Defendant requests a dismissal of Defendant's charges due to the State's pattern of having a

"cavalier attitude with regard to the production of requested items invariable causes difficulties in trying, specifically driving under the influence, cases."[1]

5) The State submitted memorandum on the Motion, and argued that the State did not make a discovery violation because Cpl. Pixley's field notes were transposed into his report, which the State provided to Defendant. The State claimed that upon its inquisition as to the existence of Cpl. Pixley's notes, "Cpl. Pixley revealed that the notes were destroyed."[2] The State argued, that based on his testimony that Cpl. Pixley retains or transposes and then destroys the notes, the field notes in question were ultimately transposed into the report and subsequently destroyed. The State maintains that Defendant's speculative argument on prejudice he has suffered fails to establish actual prejudice. Therefore, the State argues that there is no discovery violation and no prejudice suffered by Defendant.

6) Under *Johnson v. State*, a criminal defendant is entitled to discovery of a police officer's notes pursuant to Superior Court Criminal Rule 16(a).[3] When the State does not withhold the officer's notes, and the notes are contained in the officer's report, there is no Rule 16 violation.[4] However, when the State learns about an officer's notes during his testimony in court, the State has a duty to inquire about these notes.[5]

---

[1] Defendant's Memorandum at p. 2.

[2] The State's Memorandum at p. 2.

[3] 550 A.2d 903 (1988).

[4] *Owens v. State*, 2001 WL 789647, at *2 (Del. Super. Jan. 23, 2001).

[5] *See Johnson*, 550 A.2d at 909; *see also Oliver v. State*, 60 A.3d 1093, 1097 (Del. 2013).

3

7)    I agree on its face that the State did not commit a discovery violation under Rule 16(a).  When Defendant filed a discovery request on January 10, 2014 that included a specific request for Cpl. Pixley's field notes, the State responded by maintaining that the field notes were not discoverable; however, the State provided all known written reports and information regarding Defendant's appearance, including his performance on any field tests. The first time that both Defendant and the State learned of Cpl. Pixley's field notes was during his cross examination at the suppression hearing. Cpl. Pixley testified that when he conducts field sobriety tests, he writes the results of the tests down in his notebook, transposes them into his report, and destroys them.  Although Cpl. Pixley testified that he usually keeps his field notes for about a year, he was "not one hundred percent" as to whether his field notes regarding the current matter still existed.  After learning of these field notes, the State inquired as to the existence of these notes, and Cpl. Pixley revealed that the notes were destroyed.  Therefore, based on Cpl. Pixley's testimony coupled with the fact that his notes were no longer in existence, the Court finds that Cpl. Pixley transposed his notes into his report.

8)  I am unable to conclude that Defendant has been prejudiced by the State's failure to produce Cpl. Pixley's field notes.  Defendant acknowledges that he does not know what these field notes contain, and admittedly, does not know whether the substance of the notes is prejudicial.  Defendant also argues that "[t]here could be *Brady* material and certainly *Jencks* material contained in the notes."[6]   This argument however, fails because it is speculative at best, and fails to establish actual prejudice that Defendant suffered.[7]

---

[6] Defendant's Memorandum at p. 2.

9) Further, if Defendant sought to object to the State's discovery responses, specifically its assertion that Cpl. Pixley's field notes were not discoverable, Defendant had sufficed notice at case review.[8] On March 14, 2014, during Defendant's DUI Case Review, there were two discoverable items noted as outstanding: the MVR, and the PBT calibration logs. Defendant did not make an additional request for the arresting officer's field notes at this time, nor did he request the Court to compel the State to produce the field notes. Defendant cannot then make an argument that the State failed to produce the field notes during a suppression hearing, which was held just a week before the original trial date.[9] However, if the Defendant makes a request for field notes and such notes have not been destroyed, then such notes shall be produced.

10) Therefore, my finding that Cpl. Pixley had probable cause to arrest Defendant stands. The State did not commit a Rule 16(a) discovery violation, nor has Defendant established prejudice with regard to not having the field notes.

11) The Clerk shall schedule this matter for trial.

---

[7] *State v. Burgos*, 2014 WL 1275184 at *3 (March 31, 2014).
[8] *State v. Wood*, 2006 WL 545451, at *2 (Feb. 28, 2006); *see Clawson v. State*, 867 A.2d 187 (Del. 2005).

[9] *Id*.

**IT IS SO ORDERED**

_____
The Honorable Alex J. Smalls
Chief Judge

Swift-ORD  Nov 2014